The decision below is signed as a decision of the court.

Signed: October 11, 2007.



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| MARION A. GILL, | ) | Case No. 07-00358 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE OBJECTION TO EXEMPTION OF TSP ACCOUNT

The chapter 13 trustee has objected to the debtor's claimed exemption of a Thrift Savings Plan ("TSP") account (more formally known as a Thrift Savings Fund account) which the debtor scheduled as property of the estate. A provision not cited by the debtor, § 7701(j)(1)(A) of the Internal Revenue Code of 1986 (26 U.S.C.), appears to be dispositive. Section 7701(j)(1)(A) provides that "the Thrift Savings Fund shall be treated as a trust described in section 401(a) which is exempt from taxation

under section 501(a)."[1]  For reasons that follow, if a TSP account is property of the estate such that the exemptibility of the account becomes an issue, § 7701(j)(1) appears to supply a

---

[1]     Section 7701(j)(1), in full, provides:

>    **(j) Tax treatment of Federal Thrift Savings Fund**.--
>
>        **(1) In general**.--For purposes of this title--
>
>            **(A)** the Thrift Savings Fund shall be treated as a trust described in section 401(a) which is exempt from taxation under section 501(a);
>
>            **(B)** any contribution to, or distribution from, the Thrift Savings Fund shall be treated in the same manner as contributions to or distributions from such a trust; and
>
>            **(C)** subject to section 401(k)(4)(B) and any dollar limitation on the application of section 402(e)(3), contributions to the Thrift Savings Fund shall not be treated as distributed or made available to an employee or Member nor as a contribution made to the Fund by an employee or Member merely because the employee or Member has, under the provisions of subchapter III of chapter 84 of title 5, United States Code, and section 8351 of such title 5, an election whether the contribution will be made to the Thrift Savings Fund or received by the employee or Member in cash.

The balance of § 7701(j) does not appear to raise any issue of pertinence to the instant dispute.

basis for treating the debtor's TSP account as exemptible.[2]

I

In claiming that the TSP account is exempt, the debtor has relied on D.C. Code § 15-501(a)(9), which provides with exceptions of no relevance here that the debtor may exempt:

> money or other assets payable to a participant or beneficiary from, or an interest of a participant or beneficiary in, **a retirement plan qualified under sections 401(a)**, 403(a), 403(b), 408, 408A, 414(d), or 414(e) **of the Internal Revenue Code of 1986**, approved October 22, 1986 (100 Stat. 2085; 26 U.S.C. § 1 et

---

[2] The Federal Retirement Thrift Investment Board takes the position in a fact sheet entitled Bankruptcy Information, found on the Thrift Savings Plan website, www.tsp.gov/forms/publications.html, that a TSP account is not property of the estate, citing to the anti-alienation provisions of 5 U.S.C. § 8437(e)(2) and to 11 U.S.C. § 541(c)(2), and at least one decision agrees. See In re Cobb, 231 B.R. 236, 238 (Bankr. D.N.J. 1999) (dicta). But the debtor has treated the TSP account as property of the estate, and, accordingly, the issue raised is one of exemptibility. Accordingly, the parties have not addressed whether the TSP account is subject to a federal tax lien and subject the federal tax levy power to enforce that lien, and the effect that would have on interpreting § 541(c)(2). When an account would be excluded from property of the estate under § 541(c)(2) in the absence of a federal tax lien, the holding of more recent cases (and the current position of the Internal Revenue Service ("IRS") via an acquiescence in one of those decisions) is that the account is not property of the estate even with respect to the IRS as a creditor holding a lien on the account. See U.S. I.R.S. v. Snyder, 343 F.3d 1171 (9th Cir. 2003), acq., 2004-41 I.R.B. 593, and recommendation regarding acquiescence, AOD-2004-06, 2004 WL 2358268 (I.R.S. AOD 2004); In re Richardson, 307 B.R. 485 (Bankr. D. Md. 2004). Both of those decisions reject this court's approach in Jones v. IRS (In re Jones), 206 B.R. 614, 621 (Bankr. D.D.C. 1997) ("[T]he [pension] would in effect have a split personality by remaining property of the estate for purposes of federal tax claims even though it is not property of the estate for purposes of other creditors' claims."), and in In re Lyons, 148 B.R. 88, 94 (Bankr. D.D.C. 1992).

3

>   seq.) ("1986 Code"), or section 409 (as in effect prior
>   to January 1984) of the Internal Revenue Code of 1954,
>   approved August 6, 1954 (68A Stat. 3; 26 U.S.C. § 1 et
>   seq.)

[Emphasis added.]

The trustee could argue that the TSP account was not one "qualified under" § 401 because it is only "treated as a trust described in section 401(a)" pursuant to 26 U.S.C. § 7701(j)(1)(A), not as one "qualified under" § 401.  See In re Hasse, 246 B.R. 247, 251 (Bankr. E.D. Va. 2000) (TSP account was not, within the meaning of a Virginia statute a "retirement plan established pursuant to" § 401 of the Internal Revenue Code despite being treated by 26 U.S.C. § 7701(j)(1)(A) as a trust described in § 401(a)).  However, the court in Hasse was liberally construing the Virginia statute in favor of the debtor's claim of exemptions.  Here, giving D.C. Code § 15-501(a)(9) a liberal construction in favor of the debtor requires treating the account as one "qualified under" § 401 and thus as exemptible.

                                II

Moreover, even if the account could not be exempted under District of Columbia law, the debtor could still claim the account as exempt.  The debtor, even after having elected not to utilize the exemptions available under 11 U.S.C. § 522(d) and having elected to proceed instead under 11 U.S.C. § 522(b)(3), need not resort to District of Columbia law to exempt the

4

account.  Under 11 U.S.C. § 522(b)(3), as amended in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 322, 119 Stat. 23 (2005) ("BAPCPA"), a debtor (like this debtor) who elects not to utilize the exemptions specified in 11 U.S.C. § 522(d) may now claim as exempt a category of property not mentioned under the pre-BAPCPA Bankruptcy Code, namely:

> retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or **501(a)** of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b)(3)(C) [emphasis added].

Even if the account were not exemptible under the D.C. Code, I see no reason to burden the debtor with formally amending the Schedule C to recite 11 U.S.C. § 522(b)(3)(C) as the correct statutory basis for the exemption: invoking § 522(b)(3)(C) would have no impact on the extent to which other property may be claimed as exempt.

### III

It thus appears that I should uphold the debtor's exemption of the TSP account under both D.C. Code § 15-501(a)(9) (as an account qualified under § 401 of the Internal Revenue Code) and 11 U.S.C. § 522(b)(3)(C) (as an account that is exempt from taxation pursuant to 26 U.S.C. § 501(a)).  However, the trustee has not had an opportunity to respond to the foregoing analysis as the debtor failed to cite 26 U.S.C. § 7701(j)(1)(A).

Accordingly, the court will permit the trustee to file a memorandum showing cause why the claim of exemption ought not be held to be proper despite the foregoing analysis.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.